UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIARA L. LUSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No.  4:13-CV-1694 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the government's Motion to Produce Affidavit. [ECF No. 3] In its motion, the government moves the Court for an order requiring Petitioner's attorney in her criminal proceeding, Assistant Federal Public Defender, Lucy G. Liggett, to provide an affidavit to the United States Attorney's Office regarding her communications with Petitioner concerning her sentence.

On August 23, 2013, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, in which she alleges ineffective assistance of counsel by Ms. Liggett. Among the claims of ineffective assistance, Petitioner alleges Ms. Liggett told her that her sentence would be "no more than a year." The government states the attorneys in the Federal Public Defender's Office in the Eastern District of Missouri will not voluntarily prepare affidavits related to claims of ineffective assistance of counsel raised by their clients. The government seeks an order requiring Ms. Liggett to prepare an affidavit addressing the points raised against her in Petitioner's § 2255 motion. "If this motion is granted, the United States Attorney's Office will then file the affidavit and any related documentation as an attachment to the Government's response to Luster's § 2255 motion." (Mot. at ¶ 4)

Based on settled law, a client may waive protection of the attorney/client privilege either expressly or impliedly. Stoner v. U.S., 2009 WL 3064866, at *1 (E.D.Mo. Sept. 22, 2009) (citing Hollins v. Powell, 773 F.2d 191, 196 (8th Cir.1985)). This privilege is waived "when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence." Id. (quoting Tasby v. United States, 504 F.2d 332, 336 (8th Cir.1974)). Similar to Tasby, the allegations in Petitioner's § 2255 motion call into question the competence of her attorney and put into question the substance of her communications with Ms. Liggett. Petitioner has therefore waived the attorney/client privilege.

The Court will, therefore, order Ms. Liggett to prepare an affidavit responding to Petitioner's claims of ineffective assistance of counsel against her.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Produce Affidavit [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Assistant Federal Public Defender Lucy G. Liggett shall prepare an affidavit and provide it to the United States Attorney's Office, responding to Petitioner's claims of ineffective assistance of counsel against her, as well as any documentation relevant to the claims raised.

Dated this //ᵗᵗ day of September, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

2