UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIARA L. LUSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-01694 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Tiara Luster's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1) The Government filed its Response to the Motion (Doc. No. 7) and Luster filed a reply (Doc. No. 8). For the following reasons, Luster's motion will be denied.[1]

**I.    Background**

On September 19, 2012, Luster was indicted by a federal grand jury of Identity Theft in violation of 18 U.S.C. § 1028(a)(7). On February 5, 2013, she pled guilty to the indictment pursuant to a written plea agreement with the United States. (Guilty Plea Agreement ("Plea Agreement"), Doc. No. 7-2; Transcript of Change of Plea Hearing ("Plea Tr."), Doc. No. 7-3; Presentence Investigation Report ("PSR"), Case No. 4:12-CR-00350-JAR, Doc. No. 31 at 3) Before Luster formally entered her plea, her attorney, Lucille G. Liggett, met with her to review and explain the Plea Agreement, the sentencing guidelines, and the guideline recommendations

---

[1] Because Luster's motion can be conclusively determined based on the motion, files and records of the case, an evidentiary hearing need not be held. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

that were set forth in the Plea Agreement. (Affidavit of Lucille G. Liggett ("Liggett Aff."), Doc. No. 7-1 at ¶ 5) Luster was advised in the Plea Agreement that the maximum possible penalty for the crime to which she pled guilty included imprisonment of not more than 15 years. (Plea Agreement at 3-4) Liggett "did not promise Luster a particular sentence and explained to her that any sentence would be in the Court's discretion." (Id.)

In the Plea Agreement, the parties agreed to recommend a base offense level of 6. (Plea Agreement at 4; Liggett Aff. at ¶ 4) The parties also agreed to recommend a 2-level enhancement based on Luster's unauthorized use or transfer of a means of identification unlawfully to produce or obtain another means of identification. (Id.) However, because the resulting offense level would have been less than 12, the Plea Agreement recommended increasing the offense level to 12. (See U.S.S.G. § 2B1.1(b)(11)(C)(i); Plea Agreement at 4) After a 2-level reduction for acceptance of responsibility, the parties estimated a total offense level of 10. (Plea Agreement at 4-5; Liggett Aff. at ¶ 4)

The relevant facts[2] are set forth in the Plea Agreement as follows:

On January 25, 2010, Luster entered the World Finance Corporation ("WFC") in St. Peters, Missouri, within the Eastern District of Missouri, and applied for a loan using the name, date of birth, and social security number of D.G. without D.G.'s authority or consent. WFC was a company whose financing activities were in and affected interstate commerce. Luster completed a written loan application, which she signed in D.G.'s name, and produced D.G.'s driver's license. A fraud alert on D.G.'s credit report prompted WFC personnel to call the police. St. Peters Police responded and arrested Luster. Luster admitted to using D.G's identity to apply for credit. At the time of her arrest, Luster had in her possession several other items belonging to D.G., including but not limited to a social security card, debit and credit cards, and a student ID card. D.G. confirmed to police that her purse had previously been stolen and that she had filed a police report regarding the theft. Luster further admitted

---

[2] At the change of plea hearing, Luster acknowledged, under oath, that these facts were true. (Plea Tr. at 14:23-15:5)

to other uses of D.G.'s identity without D.G.'s authority or consent, including applying for two other loans and using a check from a fraudulent bank account that had been established in D.G.'s name to pay an auto repair bill.

(Doc. No. 7-2 at 3)

Luster waived her right to contest her conviction in a post-conviction proceeding with certain narrow exceptions, specifically:

> The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Plea Agreement at 6)

Following the change of plea hearing, a PSR was prepared. Consistent with the parties' recommendations, the PSR concluded that the base offense level was 6 and that a 2-level enhancement applied for use of a means of identification to produce another means of identification. (PSR at 6-7) However, the PSR also concluded that a 4-level enhancement applied because of the amount of loss, which the parties had not recommended in the Plea Agreement. (Id. at 6; Liggett Aff. at ¶ 7) With a 2-level reduction for acceptance of responsibility, Luster's total offense level was 10, which was consistent with the total offense level the parties recommended in the Plea Agreement. Liggett discussed the PSR with Luster, and Luster "decided not to file an objection to the 4-level enhancement as the guideline calculation was the same guideline calculation anticipated by the parties' plea agreement." (Liggett Aff. at ¶ 8)

After the initial disclosure of the PSR, but prior to sentencing, Luster submitted an Illinois GED certificate to the probation office. The probation office determined the certificate was fraudulent. As a result, the probation office recommended that Luster be denied the 2-level

reduction for acceptance of responsibility. (PSR at 6, 18; Liggett Aff. at ¶ 9) Without the 2-level reduction, the adjusted total offense level was 12. (PSR at 6-7, 18) The PSR determined Luster's criminal history category of V. (Id. at 7-12) As such, the guidelines imprisonment range, as calculated by the final version of the PSR, was 27-33 months. (Id. at 18) With the 2-level reduction for acceptance of responsibility, the total offense level would have been 10 and the suggested guidelines imprisonment range 21-27 months. (Id. at 18)

On May 16, 2013, Luster appeared for sentencing. Liggett objected to the loss of acceptance of responsibility. The Court sustained the objection and found that Luster should receive the 2-level reduction for acceptance of responsibility. (Liggett Aff. at ¶ 9; Sentencing Tr. (Doc. No. 7-4 at 13:17-14:11) Thus, the Court concluded that the total offense level was 10, resulting in a guideline range of 21 to 27 months. (Sentencing Tr. at 14:12-16) The Court sentenced Luster to a term of imprisonment of 27 months, which was within the guideline range contemplated by the parties' Plea Agreement, followed by a two year term of supervised release. (Liggett Aff. at ¶ 9; Sentencing Tr. at 23:22-24:10) Despite her written agreement to waive her right to appeal, Luster filed a notice of appeal on May 22, 2013 (see United States v. Luster, 4:12-CR-00350-JAR, Doc. No. 47); her appeal was dismissed on the Government's motion (see U.S. v. Luster, No. 13-2157 (8th Cir. June 27, 2013)).

## II. Grounds for relief

Luster filed the instant motion on or about August 23, 2013 raising four grounds for relief:

1. She was sentenced to "enhancements" that were not in her charging indictment in violation of her Sixth Amendment rights;
2. Her attorney was ineffective for failing to challenge the "enhancements";
3. Her attorney was ineffective for underestimating her sentence; and
4. Her case should have been handled by the State of Missouri instead of the Federal Government.

4

She has since abandoned grounds two through four of her motion. (See Doc. No. 8 at 4) Accordingly, the Court will proceed to address her remaining claim regarding sentencing guideline enhancements.

### III. Legal Standard for § 2255 Relief

A federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Farley, 512 U.S. 339, 354 (1994) (internal quotation marks and citations omitted); see also United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n. 4 (8th Cir. 1989)).

### IV. Discussion

Citing Alleyne v. United States, 133 S. Ct. 2151 (2013), Luster claims her Sixth Amendment rights were violated because the Court applied sentencing guideline enhancements that were not charged in her indictment, thereby enhancing her sentencing guideline range and increasing the penalty for her crime. (Doc. No. 1 at 4; Doc. No. 8 at 2) The Government responds that Luster waived her right to contest her conviction or sentence in a § 2255 motion (Doc. No. 7 at 6-7), and that her claim fails on the merits (id. at 8).

Once a guilty plea is entered, the focus of collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984) (citing Tollett v. Henderson, 411 U.S. 258, 266 (1973)). When a defendant waives her appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003); DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000); United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999); United States v. Michelsen, 141 F.3d 867, 868-73 (8th Cir. 1998).

Initially, the Court concludes that Luster waived her right to attack her sentence based on Alleyne. The record indicates that Luster entered into the Plea Agreement and waiver knowingly and voluntarily. The Court thoroughly questioned Luster about her decision to enter into the agreement and waive her post-conviction rights. See Andis, 333 F.3d at 890-91 (noting that "[o]ne important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal."). At the hearing, Luster acknowledged she had carefully read and signed the Plea Agreement, reviewed it with her lawyer, and understood what was in it. (Plea Tr. at 10:7-11:7) See Nguyen v. U.S., 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements during plea hearing carry strong presumption of verity). Luster also acknowledged she had had enough time to discuss her case and her guilty plea with her lawyer, that her lawyer had answered all of her questions and had done everything she asked her lawyer to do, and that she had been fully advised by her lawyer about all aspects of her case including her legal rights and the possible consequences of pleading guilty. (Plea Tr. at 6:20-7:22) At the hearing, the Court noted, and Luster acknowledged, the guidelines recommendations to

which the parties had agreed. (Plea Tr. at 16:11-18:14) Thus, the Court finds and concludes that Luster knowingly waived the right to raise this issue in a post-conviction proceeding. Andis, 333 F.3d 886.

Furthermore, Luster's argument based on Alleyne, 133 S. Ct. at 2155, fails on the merits. While the Supreme Court held that facts that increase mandatory minimums must be submitted to the jury, id. at 2158, it clarified that its holding does not apply to guideline enhancements, see id. at 2163 (citing Dillon v. United States, 130 S. Ct. 2683, 2692 (2010) ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial fact finding, does not violate the Sixth Amendment."). It is well established after United States v. Booker, 543 U.S. 220 (2005), that "facts underlying sentencing enhancements that are not used to increase the defendant's sentence above the congressionally authorized maximum need not be alleged in the indictment to pass constitutional muster." United States v. Okai, 454 F.3d 848, 851 (8th Cir. 2006). See also, United States v. Bridges, 569 F.3d 374, 377 (8th Cir. 2009); United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006).

Here, the enhancements challenged by Luster did not subject her to any mandatory minimum sentence. The statutory maximum penalty for the offense to which Luster pled guilty was 15 years in prison, and the Court sentenced her to 27 months. Not only was this sentence within the advisory guideline range contemplated by the parties in the Plea Agreement, but it was also significantly lower than the statutory maximum penalty.

V.     **Conclusion**

Because Luster has failed to demonstrate that her sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the

sentence, or that the sentence was in excess of the maximum authorized by the law, her § 2255 claim fails, and she is not entitled to the relief she seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Tiara Luster's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Luster has not made a substantial showing of the denial of a federal constitutional right.

Dated this 25th day of July, 2016.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**